IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LEO BEARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-cv-02472-SHM |
| | ) | No. 04-cr-20195-SHM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Leo Bearden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), filed on June 20, 2016. (ECF No. 1; see also Mem. in Supp. of Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 1-2 ("Mem. ISO § 2255 Mot.").) The United States (the "Government") responded on July 24, 2017. (Resp. of the United States to Def.'s Mot. to Vacate Sentence, ECF No. 13 ("§ 2255 Resp.").)

On June 9, 2005, Bearden pled guilty to one count of violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm. (Order on Change of Plea, ECF No. 83 in 04-20195;[1] see

---

[1] References to "04-20195" are to filings in United States v. Bearden, Case No. 2:04-cr-20195 (W.D. Tenn.), and references to "08-02166" are to filings in Bearden v. United States, Case No. 2:08-cv-02166 (W.D. Tenn.).

also Indictment, ECF No. 7 in 04-20195.) At his sentencing, Bearden was determined to be an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA") because he had three prior convictions for violent felonies. (Presentence Investigation Report ¶ 20 in 04-20195 ("PSR").) He had one conviction for aggravated burglary under Tennessee law (id. ¶ 29) and two convictions for aggravated robbery under Tennessee law (id. ¶¶ 31, 33). On September 19, 2005, the Court sentenced Bearden to 180 months in prison followed by three years of supervised release. (J. in a Criminal Case 2-3, ECF No. 87 in 04-20195.) Had Bearden not been an armed career criminal, he would have been subject to a statutory maximum sentence of 120 months in prison. 18 U.S.C. § 924(a)(2).

The § 2255 Motion is Bearden's second § 2255 motion. His first was filed in March 2008 and was denied in December 2010. (See, e.g., Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1 in 08-02166; J., ECF No. 15 in 08-02166.) If a prisoner seeks to file a second or successive § 2255 motion, the court of appeals must first certify that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

>     (2) a new rule of constitutional law, made
>         retroactive to cases on collateral
>         review by the Supreme Court, that was
>         previously unavailable.

28 U.S.C. § 2255(h).

On October 31, 2016, the U.S. Court of Appeals for the Sixth Circuit, pursuant to motion by Bearden, authorized the filing of a second § 2255 motion. Order 2, In re Bearden, No. 16-5933 (6th Cir. Oct. 31, 2016). The Court may consider Bearden's second motion.

The § 2255 Motion presents one ground. Bearden argues that, under Johnson v. United States, 135 S. Ct. 2551 (2015), a conviction for aggravated burglary under Tennessee law does not count as a violent felony for purposes of § 924(e). (§ 2255 Mot. 5; Mem. ISO § 2255 Mot. 4–20.)

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). Id. § 924(e)(2)(B).

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In Welch v. United States, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016). On June 27, 2017, the Sixth Circuit decided United States v. Stitt, holding that aggravated burglary under Tennessee law no longer qualifies as a violent felony under § 924(e). United States v. Stitt, 860 F.3d 854, 857 (6th Cir. 2017).

Following the Stitt decision, on July 10, 2017, Bearden filed a motion requesting an "immediate ruling" on the § 2255 Motion. (Def.'s Emergency Mot. Requesting Immediate Ruling on Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 11 ("Emergency Motion").) The Court ordered the Government to respond to the § 2255 Motion. (Order Directing United States to Respond, ECF No. 12.) The Government filed its § 2255 Response on July 24, 2017.

The § 2255 Response states that the Government "agrees that under circuit case law, Bearden is entitled to relief from his sentence." (Id. at 1.) The Government also states that, "[i]f the Court agrees . . . , it should vacate Bearden's sentence and resentence him to time served, with a three-year period of supervised release." (Id.)

The Stitt court has not yet issued a mandate. The Government contends that "Stitt was wrongly decided" and that "it is quite possible the Supreme Court will review the matter 'soon.'" (Id. at 3 (quoting Stitt, 2017 WL 2766326, at *10-11 (Boggs, J., concurring).) Although the Government may seek a stay of the issuance of the mandate so that it may file a petition for writ of certiorari in the U.S. Supreme Court, this Court should not defer ruling on Bearden's § 2255 request. "A decision from which an appeal is pending in a higher court should be followed, on the principle of stare decisis, until it is reversed." Bryan A. Garner et al., The Law of Judicial Precedent 258 (2016). For now, Stitt is binding on this Court.

After Johnson and Stitt, Bearden no longer qualifies as an armed career criminal under the ACCA. Bearden is entitled to relief under Johnson. The § 2255 Motion is GRANTED.[2] The sentence in Criminal Case No. 04-20195 is VACATED.

The Court in its discretion may correct a sentence without requiring the production of the prisoner. See 28 U.S.C. § 2255(c). Bearden has already served more than 120 months in prison -- the maximum stautory sentence for a § 922(g) violation. 18 U.S.C. § 924(a)(2). The Government agrees that a

---

[2] Because the Court is granting the § 2255 Motion, the Emergency Motion is DENIED as moot, as is Bearden's Motion for Leave to File Motion Under § 2255 and Hold in Abeyance Pending Decision on § 2244 Motion in Order to Preserve Johnson Claim, ECF No. 5.

5

time-served sentence is appropriate.  Bearden is sentenced to time served, to be followed by a three-year period of supervised release.  All other terms and conditions the Court imposed in its Judgment in Criminal Case No. 04-20195 are reimposed.

So ordered this 26th day of July, 2017.

/s/_Samuel H. Mays, Jr._
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE